No. 20,026.

THELMA HUGHES GLEASON *v.* AVA MARIE PATRICK.
(374 P. [2d] 195)

Decided July 16, 1962.   Rehearing denied September 10, 1962.

Messrs. THOMAS & THOMAS, for plaintiff in error.

Mr. DEAN JOHNSON, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

We will refer to plaintiff in error as defendant or Gleason, and to defendant in error as plaintiff or Patrick.

The action was commenced by Patrick who sought specific performance of an alleged contract for sale of certain lands in Kit Carson county. The trial court entered judgment in favor of plaintiff and Gleason is here on writ of error seeking reversal.

One E. S. Gleason died intestate on or about January 13, 1955, seized of approximately 3700 acres of land in Kit Carson county, Colorado. He was survived by his widow the defendant, his daughter the plaintiff, and two sons, Dean E. Gleason and Kenneth Gleason. Proceedings were instituted in the county court of Kit Carson county to administer his estate, and on March 24, 1955, while the administration was pending, all the heirs-at-law entered into an agreement to partition the lands of the deceased. In this agreement it was provided that defendant and each of the other heirs should receive the real estate particularly set apart for each, and therein described.

Deeds were executed and interchanged in accordance with the terms of the partition agreement which contained the following provision:

"e) Further in consideration of the respective promises of the parties as herein contained, each of the parties hereto does hereby expressly agree that in the event that that party shall elect to sell the land and real estate received by that party under this agreement, or any part thereof, the remaining parties to this agreement *shall have the first right and option to purchase the said land to be sold at the same price and upon the same terms and conditions as that land can be sold to some third party* and each of the parties hereto further agrees that in the event of an election to sell any of the said lands, written notice of that election will be given by the selling party to the other parties to this agreement by registered mail and each party shall have the right to accept or reject the lands within fifteen days after

the giving of the said notice and *if no one or more of the parties accepts the land at the price and upon the terms offered within fifteen days, then the selling party will be relieved of any further obligation to the parties hereto and may sell the land to a third party, with the further express understanding that if after giving such a notice, the said selling party fails to consummate the sale, this option shall thereafter continue in full force and effect.* (Emphasis supplied.)

January 13, 1960, defendant sent a letter to plaintiff which was as follows:

"Dear Ava Marie:

"In accordance with the terms of the Estate it was agreed that any one of the heirs would have first chance of buying the land from the Estate and in accordance with these conditions you are hereby notified that Clifford Hughes desired to purchase this land at a price of $25.00 per acre, payable at the rate of $5,000.00 per year. *At this time the only purchaser whom I would consider would be Clifford Hughes.*

"*Please advise by return mail if this is agreeable with you.* (Emphasis supplied.)

> "Very truly yours,
> "Thelma Gleason
> "Mrs. Thelma Gleason."

Upon receipt of this letter plaintiff took the position that she had the right to purchase the land at the price of $25.00 per acre payable at the rate of $5,000.00 per year. Patrick advised Gleason that the letter above quoted amounted to an "election to sell to some third person," and under the terms of the partition agreement asserted the right to purchase the property. Defendant refused to sell to Patrick and this action was thereupon commenced. The Clifford Hughes mentioned in the letter to plaintiff is the son of defendant by a former marriage.

■ The trial court erred in decreeing specific performance under the circumstances disclosed by this rec-

ord. If there existed a contract between plaintiff and defendant which could be made the subject of a decree for specific performance, it must be found in the partition agreement as supplemented by the letter. Considering the two documents together we are unable to spell out an agreement by which defendant was obligated to sell the property to plaintiff. The letter does not indicate that Gleason had decided to sell, but only that "Clifford Hughes desires to purchase this land." As between Gleason and Clifford Hughes nothing beyond the making of an offer by the latter is shown. No recital of terms and conditions acceptable to Gleason are included. The time for making deferred payments, the interest if any to be paid, and other details, were lacking. The letter construed in the light most favorable to the position of Patrick indicates that Gleason had not committed herself to sell the property to anyone. She had made no election to sell in any event, thus invoking the option provisions of the partition agreement. Her letter discloses nothing more than advice that she might consider selling her interest to a particular person if agreeable to the plaintiff. It falls far short of showing a firm commitment to sell to Hughes conditioned upon failure of the other heirs to exercise their prior rights to purchase. Moreover nothing in the partition agreement compels the defendant to sell to anyone. Even had she elected to do so she might change her mind at any time. Her only obligation under the contract is to afford the other heirs an opportunity to buy before selling to a third person.

In its decree the trial court supplied provisions which might or might not have been included in a contract if one had in fact been agreed upon. It prescribed payments each August 1st of $5,000.00 plus interest at 6% per annum on unpaid balances; that such payments should be made to the clerk of the district court; that revenue stamps should be deducted from the final payment; that possession of the premises should be delivered at the time of the first payment; and that plaintiff might

pay the full amount of the unpaid purchase price at any time. As already stated, none of these matters had been agreed upon between the defendant and Clifford Hughes, yet the court adopted the meager inquiry of defendant's letter and constructed an entirely new contract around it. This the court lacks power to do.

The motion to dismiss made by defendant at the close of plaintiff's evidence should have been granted. In support of this conclusion we direct attention to the following opinions of this Court: *Bowman et al. v. Reyburn et al.*, 115 Colo. 82, 170 P. (2d) 271; *Smith v. Des Marteau et al.*, 119 Colo. 16, 199 P. (2d) 1006; and *American Mining Company v. Himrod-Kimball Mines Company et al.*, 124 Colo. 186, 235 P. (2d) 804. From the case first above cited we quote the following pertinent language:

"* * * 'The contract must be enforced according to its terms or not at all. A court is without authority to compel a party to do something he did not contract to do.' *Schmidt v. Barr*, 333 Ill. 494, 165 N. E. 131, 65 A.L.R. 1. ' "Equity," this court said in *Hunt v. Rousmainier*, 1 Pet. 1, 14, "may compel parties to perform their agreements, when fairly entered into, according to their terms; but it has no power to make agreements for parties, and then compel them to execute the same. The former is a legitimate branch of its jurisdiction, and in its exercise, is highly beneficial to society. The latter is without its authority, and the exercise of it would be not only an usurpation of power, but would be highly mischievous in its consequence." ' *Adams v. Henderson*, 168 U. S. 573, 18 Sup. Ct. 179, 42 L. Ed. 584.

"In an action for specific performance, the contract must be free from ambiguity and it must be clearly established that the demanded performance is in accordance with the actual agreement of the parties. * * *"

The judgment is reversed and the cause remanded with directions to dismiss the action.

Mr. Justice Sutton and Mr. Justice Frantz concur.