Everette WYMAN, Appellant
(Plaintiff below),

v.

William LEIKAM and Lydia Leikam,
Appellees (Defendants below).

No. 3867.

Supreme Court of Wyoming.

Feb. 2, 1971.

James H. Sperry, Scott & Joffe, and
Harold Joffe, Worland, for appellant.

William Leikam and Lydia Leikam, pro
se.

Before McINTYRE, C. J., and PAR-
KER, McEWAN and GRAY, JJ.

Mr. Justice PARKER delivered the
opinion of the court.

Plaintiff, Everette Wyman, lessee of the
Tensleep Ranch, filed a complaint against
the defendants, owners and lessors of that
ranchland, praying that the court order
them to specifically perform their agree-
ments to sell the land in accordance with
the provisions in the written lease together
with certain correspondence. The relevant
paragraph of the lease provided:

"IT IS FURTHER UNDERSTOOD
AND AGREED That the Lessees shal
[sic] and do have the right of first re-
fusal in the event Lessors decide to sell
the aforesaid real property or any part
thereof; that the Lessors will imme-
diately in receiving an offer of purchase
which they (the Lessors) wish to accept,
communicate in writing the offer and the
terms thereof unto Lessees, and the Les-
sees shall and do have the period of thir-
ty (30) days from and after receipt of
written notice from Lessors of such of-
fer in which to elect to become purchas-
ers according to the terms thereof."

Defendants answered, admitting that un-
der the terms of the lease plaintiff had the
right of first refusal to purchase the prop-
erty covered by the lease should the de-
fendants decide to sell it, denied the re-
mainder of the complaint, and specifically
that they offered the premises covered by
the lease for sale to the plaintiff.[1] Fol-
lowing the trial the court entered judgment
for defendants on the complaint, and this
appeal has resulted.

There is no real dispute about the facts,
most of which grow out of correspondence
between the parties. Wyman had leased

1. They also challenged the complaint as
not stating a claim upon which relief
could be granted and filed a counterclaim
based on plaintiff's failure to comply
with terms of the lease as related to the
soil conservation program and riprap-
ping, which counterclaim the court re-
solved against defendants; but these
matters are not in issue in the appeal.

the ranch in March of 1967, and in May of 1968 had brought a successful action against the Leikams to affirm the validity of the lease.[2] This circumstance as well as the testimony disclosed the existence of ill will between the parties.

The communications reflecting the instant litigation actually began with a March 1, 1969, letter to the defendants from one D. R. Lyman, who on that date wrote defendants enclosing a thousand-dollar check, earnest money on the purchase of the Tensleep Ranch, offering a total purchase price of $50,000 with $15,000 down before April 15, 1969, the balance to be paid in fifteen annual equal payments with 6½ percent interest on the unpaid balance, the property to be free of encumbrances (including leases), and asking Lyman for a sales contract at an early date.[3] Leikam told him the property was not for sale and within the week returned the check to Lyman. On March 15 he wrote plaintiff as follows:

"This is to let you know, I have a buyer that made me an offer on the ranch in Ten Sleep. The party set the price and put up a check of $1,000.00 of earnest money with the offer. He will pay $15,000.00 down and the balance to be paid off in 15 annual payments with 6½% interest on the unpaid balance. With the balance of the 3 year lease on the property.

"If you care to make an offer, you have 30 days from today to submit an offer with earnest money.

"I have noticed the steel graineries [sic] were not anchored down and found the doors and lids open. In case of your so called mother nature wind damage, it will be due to your neglect and you will be held responsible for the damage and repair."

Wyman on March 18 wrote Leikam asking for details of the offer he had received, and Leikam on March 25 responded, saying that the price which had been offered was $50,000, the total down payment $16,000, payments due May 1 annually, sale and total down payment to be transacted by April 15, 1969. On March 31 Wyman wrote the Leikams:

"Thank you for your letters of March 15, 1969, and March 25, 1969, and the offer of these letters to sell the ranch I am leasing from you on the Nowood for the total price of $50,000.00; and I am in accordance with my rights under the lease accepting your offer to sell and I do enclose herewith my check to you, certified by the bank, for $1,000.00 earnest money and I am ready to close with the additional $15,000.00 down payment by April 15.

"Who do you want for an attorney to draw the final papers for closing this deal? Please let me know so that we may get with him before the 15th of April in time to close by that date."

On April 7 he again wrote the Leikams a short letter, asking them to advise immediately what attorney they would have to draft the papers, and on April 10 wrote a longer letter reiterating that he had accepted their offer as he had a right to do, threatening action "to compel you in Court to do what you ought to do." On the same date, the letters apparently crossing in the mail, Leikman returned Wyman's check with a sheet of paper on which there was written without signature "Not for sale at present time."

2. Wyman v. Leikam (1968), Civil No. 3646 in the District Court of Washakie County, Wyoming.

3. The previous October the Leikams had entered into a real estate brokers agency contract of one month for the sale of the property at $52,500 (5 percent commission), and in March 1969 were trying

to negotiate a bank loan in order to set Leikam up into a business and make "a living." Leikam testified that for a while it looked as though he would not get a loan, but on April 2, 1969, he procured $20,000 from a Worland bank after executing a note secured by a real estate mortgage.

Plaintiff's basic contention here is that the documents established a written offer and acceptance resulting in the formation of a contract between the parties and that the conduct of the parties is evidence they intended offer and acceptance. He also argues that the terms of the offer were sufficiently definite and reasonably certain so as to result in the formation of a contract when accepted by plaintiff.

We cannot agree with plaintiff's initial premise. It is uncontroverted that on March 15 the Leikams did not wish to accept Lyman's offer—indeed it had been refused. Nevertheless, plaintiff relies on the fact that under the terms of the lease the Leikams were not required to notify him of any offer of purchase if they did not wish to accept it and the following testimony adduced at the trial:

"Q And was it not, Mr. Leikman, under the lease provision, which is in evidence as Plaintiff's Exhibit 1, of the provision pertaining to the lessee's right to receive information when you had an offer to sell the property, that you communicated to Everette Wyman this offer? A I didn't understand you.

"Q Well, was it because of this provision in the lease, which is Plaintiff's Exhibit 1, that you communicated to Everette Wyman in March, 1969, the offer? A That's right."

Granted, the Leikams knew that under the terms of the lease they were required to give "first refusal" to Wyman if they decided to sell. However, their reporting the terms of another offer, without indicating their willingness to accept it, and their asking if Wyman would care to make an offer, did not constitute an offer so that Wyman's attempted acceptance, of what he may well have considered an offer, effected a contract. In re Rigby's Estate, 62 Wyo. 401, 167 P.2d 964, 968; Gleason v. Patrick, 150 Colo. 420, 374 P.2d 195, 196; 1A Corbin, Contracts, p. 470 (1950). It therefore becomes unnecessary to enter into a discussion concerning plaintiff's argument and authorities regarding definiteness and certainty of terms.

Affirmed.